UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| JESUS CHAVEZ-GALLEGOS | ) | |
| Plaintiff, | ) | 3:11-cv-0709-LRH-VPC |
| v. | ) | |
| FIRST MAGNUS FINANCIAL CORPORATION; et al., | ) | ORDER |
| Defendants. | ) | |

Before the court is defendant Ticor Title of Nevada, Inc.'s ("Ticor") motion to dismiss. Doc. #4.[1] Plaintiff Jesus Chavez-Gallegos ("Gallegos") filed an opposition (Doc. #8) to which Ticor replied (Doc. #9).

**I.    Facts and Procedural History**

In March, 2006, Gallegos purchased real property through a mortgage note and deed of trust originated by defendant First Magnus Financial Corporation ("Magnus"). Eventually, Gallegos defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, Gallegos filed a complaint against defendants alleging seven causes of action: (1) defective foreclosure; (2) negligence; (3) negligent misrepresentation; (4) slander of title; (5) breach of contract; (6) declaratory relief; and (7) injunctive relief. Doc. #1, Exhibit A.

---

[1] Refers to the court's docket entry number.

Thereafter, Ticor filed the present motion to dismiss. Doc. #4.

**II.     Legal Standard**

Defendant Ticor seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing

more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

**III.  Discussion**

In its motion, defendant Ticor argues that Gallegos fails to state a single claim for relief against Ticor. *See* Doc. #4. The court agrees.

Gallegos's complaint is based on an alleged defective foreclosure of his property, beginning in early 2011, and the allegedly improper actions defendants took during the foreclosure process. *See* Doc. #1, Exhibit A. Defendant Ticor was substituted out as the trustee on the deed of trust in June 2008, prior to Gallego's default and the alleged foreclosure activities. Defendant California Reconveyance Company ("CRC") replaced Ticor as the new trustee, as was the defendant who filed the alleged improper notice of default. Further, it is undisputed that Ticor took no action in foreclosing on the property. Therefore, the court finds that Gallegos has failed to state a claim against Ticor upon which relief can be granted. Accordingly, the court shall grant Ticor's motion to dismiss.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #4) is GRANTED. Defendant Ticor Title of Nevada, Inc. is DISMISSED as a defendant in this action.

IT IS SO ORDERED.

DATED this 19th day of December, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE