UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JESUS CHAVEZ-GALLEGOS<br><br>   Plaintiff,<br><br>v.<br><br>FIRST MAGNUS FINANCIAL<br>CORPORATION; et al.,<br><br>   Defendants. | 3:11-cv-0709-LRH-VPC<br><br>ORDER |

Before the court is plaintiff Jesus Chavez-Gallegos ("Gallegos") motion to remand filed on November 7, 2011. Doc. #11.[1] Defendants filed an opposition (Doc. #14) to which Gallegos replied (Doc. #15).

**I.   Facts and Procedural History**

In March, 2006, Gallegos purchased real property through a mortgage note and deed of trust originated by defendant First Magnus Financial Corporation ("Magnus"). Eventually, Gallegos defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, Gallegos filed a complaint in state court against defendants alleging seven causes of action: (1) defective foreclosure; (2) negligence; (3) negligent misrepresentation; (4) slander of title; (5) breach of contract; (6) declaratory relief; and (7) injunctive relief. Doc. #1,

---

[1] Refers to the court's docket entry number.

Exhibit A. Defendants removed the action to federal court based upon federal question and diversity jurisdiction. Doc. #1. Thereafter, Gallegos filed the present motion to remand. Doc. #11.

## II.     Legal Standard

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

## III.    Discussion

### A. Federal Question Jurisdiction

A case may be removed to federal court if the action arises under federal law. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1441. A case arises under federal law if the complaint establishes either that federal law created the cause of action, or that the plaintiff's right to relief "requires resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983); *see also, Caterpillar Inc. v. Williams*, 482 U.S. 386, 382 (1987).

Gallegos's complaint alleges seven causes of action. Doc. #1, Exhibit A. Based on the face of the complaint, Gallegos alleges only state law claims insufficient to grant federal question jurisdiction. Therefore, the court cannot exercise federal question jurisdiction.

///

**B. Diversity Jurisdiction**

A district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a). Further, an action based on diversity jurisdiction is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b). Here, defendants argue that there is complete diversity between the parties because non-diverse defendants Ticor Title of Nevada, Inc. ("Ticor") and Stewart Title of Nevada Holdings, Inc. ("Stewart") are fraudulently joined defendants whose Nevada citizenship cannot be used to defeat the exercise of diversity jurisdiction.

A fraudulently joined defendant does not "defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Fraudulent joinder "occurs when a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Ritchey*, 139 F.3d at 1318; *see also McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *Kruso v. International Tel. & Tel. Corp.,* 872 F.2d 1416, 1426-27 (9th Cir. 1989); *Gasnik v. State Farm Ins. Co.*, 825 F.Supp. 245, 247 (E.D. Cal. 1992). In determining whether a cause of action is stated against a non-diverse defendant, courts look only to a plaintiff's pleadings. *Gardner v. UICI*, 508 F.3d 559, 561 n.3 (9th Cir. 2007).

Nevada is a notice-pleading jurisdiction which liberally construes pleadings. *Chavez v. Robberson Steel Co.*, 584 P.2d 159, 160 (Nev. 1978). The allegations of a complaint are sufficient to assert a claim for relief when the allegations "give fair notice of the nature and basis" for a claim. *Vacation Village, Inc. v. Hitachi Am., Ltd.*, 874 P.2d 744, 746 (Nev. 1994).

In his complaint, Gallegos's only allegation against Ticor and Stewart is that these defendants had intimate knowledge of the other defendants' wrongdoing and did nothing to prevent their harmful actions. However, Gallegos has neither alleged a claim for civil conspiracy nor a claim for breach of fiduciary duty against these defendants. Rather, Gallegos has filed a complaint

for wrongful foreclosure and fails to allege any actions that these defendants took in furthering the allegedly wrongful foreclose on the underlying property. Based on the allegations in the complaint, the court finds that non-diverse defendants Ticor and Stewart are fraudulently joined defendants whose citizenship does not defeat the exercise of diversity jurisdiction. Accordingly, the court finds that there is complete diversity between the parties and that the exercise of diversity jurisdiction is appropriate.

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Doc. #11) is DENIED.

IT IS SO ORDERED.

DATED this 20th day of December, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE