UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JESUS CHAVEZ-GALLEGOS<br><br>          Plaintiff,<br><br>  v.<br><br>FIRST MAGNUS FINANCIAL<br>CORPORATION; et al.,<br><br>          Defendants. | 3:11-cv-0709-LRH-VPC<br><br>ORDER |

Before the court is plaintiff Jesus Chavez-Gallegos's ("Gallegos") motion for a preliminary injunction. Doc. #1, Exhibit B.[1]

**I.     Facts and Procedural History**

In March, 2006, Gallegos purchased real property through a mortgage note and deed of trust originated by defendant First Magnus Financial Corporation ("Magnus"). Eventually, Gallegos defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, Gallegos filed a complaint against defendants alleging seven causes of action: (1) defective foreclosure; (2) negligence; (3) negligent misrepresentation; (4) slander of title; (5) breach of contract; (6) declaratory relief; and (7) injunctive relief. Doc. #1, Exhibit A. Along with his complaint, Gallegos filed the present motion for a preliminary injunction. Doc. #1,

---

[1] Refers to the court's docket entry number.

Exhibit B.

**II.  Discussion**

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. (*citing Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). A court may only grant a preliminary injunction upon a showing that: (1) the petitioner is likely to succeed on the merits of his complaint; (2) irreparable harm will result in the absence of an injunction; (3) the balance of equities favors an injunction; and (4) an injunction is in the public's interest. *Winters v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 376 (2008) (citations omitted); *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010).

Here, Gallegos contends that he is entitled to a preliminary injunction stopping the pending foreclosure because defendants do not have authority under Nevada law to conduct the underlying foreclosure. *See* Doc. #1, Exhibit B.

The court has reviewed the documents and pleadings on file in this matter and finds that Gallegos's motion for a preliminary injunction is without merit. Gallegos has failed to establish that he is likely to succeed on the merits of his complaint. In the complaint, Gallegos only makes conclusory allegations concerning defendants' activities without explaining why the named defendants (the lender, beneficiaries and trustee under the deed of trust) do not have authority under Nevada law to initiate non-judicial foreclosure proceedings. In Nevada, trustees, beneficiaries under the deed of trust, and associated agents and successors have authority to initiate non-judicial foreclosure proceedings. *See* NRS 107.080. Therefore, the court finds that Gallegos is not likely to succeed on the merits of his complaint and shall deny his motion for a preliminary injunction accordingly.

///

///

1   IT IS THEREFORE ORDERED that plaintiff's motion for a preliminary injunction
2 (Doc. #1, Exhibit B) is DENIED.
3   IT IS SO ORDERED.
4   DATED this 20th day of December, 2011.

     _____
     LARRY R. HICKS
     UNITED STATES DISTRICT JUDGE

3